**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

**OHIO VALLEY ENVIRONMENTAL
COALITION, INC., and WEST
VIRGINIA HIGHLANDS
CONSERVANCY, INC.,**

        **Plaintiffs,**

    **v.**                              **CIVIL ACTION NO.**

**APOGEE COAL COMPANY, LLC, and
HOBET MINING, LLC**

        **Defendants.**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR CIVIL PENALTIES

## INTRODUCTION

1.      This is an action for declaratory judgment and mandatory injunctive relief and for civil penalties against Defendants Hobet Mining, LLC, and Apogee Coal Company, LLC, for violations of the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq. (hereinafter "the Clean Water Act" or "the CWA"), and the Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201 et seq.  (hereinafter "SMCRA").

2.      As detailed below, Plaintiffs allege that Defendants discharged and continue to discharge selenium, a toxic pollutant, into waters of the United States in persistent violation of Section 301 of the Clean Water Act, 33 U.S.C. § 1311, and of the conditions and limitations of West Virginia/National Pollution Discharge Elimination System ("WV/NPDES") Permits issued to Defendants by the State of West Virginia pursuant to Section 402 of the Clean Water Act.

3.      Plaintiffs further allege that Defendants' discharges of massive amounts of

1

selenium, a toxic pollutant, into the waters adjacent to their minesites violates the performance standards under SMCRA and the terms and conditions of their surface mining permits.

## JURISDICTION AND VENUE

4.      This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 33 U.S.C. § 1365 (Clean Water Act citizens' suit provision), and 30 U.S.C. § 1270 (SMCRA citizens' suit provision).

5.      The relief requested is specifically authorized pursuant to 28 U.S.C. § 2201 (declaratory relief), 28 U.S.C. § 2202 (further relief), 28 U.S.C. § 2412 (costs and fees), 33 U.S.C. § 1365(a)(2) ("The district courts shall have jurisdiction . . . to enforce . . . effluent standard[s] or limitation[s] . . . and to apply any appropriate civil penalties under section 1319(d) of this title."), 33 U.S.C. § 1319(d) (Clean Water Act civil penalty provision), 33 U.S.C. § 1365(d) (Clean Water Act attorney fees provision), 30 U.S.C. § 1270(a) (providing that the court may compel compliance with SMCRA), and 30 U.S.C. § 1270(d) (SMCRA attorney fees provision).

6.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district, pursuant to 33 U.S.C. § 1365(c)(1) because the sources of the Clean Water Act violations are located in this district, and pursuant to 30 U.S.C. § 1270(c) because the coal mining operations complained of are located in this district.

## PARTIES

7.      Apogee Coal Company, LLC, ("Apogee") is a limited liability company registered in West Virginia doing business at HC 61, Box 156, Rum Creek Road, Yolyn, West Virginia, 25654.

2

8.      Apogee is a subsidiary of Magnum Coal Company ("Magnum").

9.      On or about January 10, 2006, Apogee Coal Company, Inc., Apogee's predecessor, was converted from a corporation to a limited liability company.

10.     On or about December 31, 2005, Magnum acquired full ownership of Apogee and/or its predecessor from Arch Coal, Inc.

11.     At all relevant times, Apogee Coal Company, LLC, either held the West Virginia Surface Coal Mining Reclamation Act (the "State Act" or "WVSCMRA") permits for or owned and operated the Northwest Ruffner Surface Mine, the West Ruffner Surface Mine, and the Slab Fork Deep Mine, which are facilities that discharge pollutants from various outfalls that are subject to the effluent limits as well as monitoring and reporting requirements of WV/NPDES permits.

12.     Hobet Mining, LLC, ("Hobet") is a limited liability company registered in the state of West Virginia doing business at Route 119, South Shaffer Road, Madison, WV, 25130.

13.     Hobet is a subsidiary of Magnum.

14.     On or about December 30, 2005, Hobet Mining, Inc., Hobet's predecessor, was converted from a corporation to a limited liability company.

15.     On or about December 31, 2005, Magnum acquired full ownership of Hobet from Arch Coal, Inc.

16.     At all relevant times, Hobet either held the WVSCMRA permits for or owned and operated the Berry Branch Deep Mine, the Westridge No. 3 Surface Mine, the Westridge South No. 1 Surface Mine, the West Ridge Surface Mine, the West Ridge Extension Surface Mine, the H-21 Surface Mine Operation, the Sugar Tree Deep Mine and Ancillary Facilities, all of which are facilities that discharge pollutants from various outfalls that are subject to the effluent limits as well as monitoring and reporting requirements of WV/NPDES permits.

9.      Plaintiff Ohio Valley Environmental Coalition (hereinafter "OVEC") is a nonprofit organization incorporated in Ohio.  Its principal place of business is Huntington, West Virginia.  It has approximately 1,500 members.  Its mission is to organize and maintain a diverse grassroots organization dedicated to the improvement and preservation of the environment through education, grassroots organizing, coalition building, leadership development, and media outreach.  The Coalition has focused on water quality issues and is a leading source of information about water pollution in West Virginia.

10.     Plaintiff West Virginia Highlands Conservancy, Inc., (hereinafter "WVHC") is a nonprofit organization incorporated in West Virginia.  It has approximately 2,000 members.  It works for the conservation and wise management of West Virginia's natural resources.

11.     Plaintiffs' members suffer injuries to their aesthetic, recreational, environmental, and/or economic interests as a result of Defendants' unlawful discharges of selenium.  Members of OVEC and WVHC fish, swim, and otherwise use the waters affected by Defendants' discharges and are harmed by the high levels of selenium that Defendants are discharging in violation of their permits.  Plaintiffs' members include recreational fishermen who would otherwise eat fish caught from the waterways and waterbodies affected by the unlawful discharges, but for the unhealthy levels of toxins such as selenium in those fish.  If Defendants' unlawful discharges ceased, the harm to the interests of Plaintiffs' members could be redressed.

12.     At all relevant times, Plaintiffs were and are "persons" as that term is defined by the CWA, 33 U.S.C. § 1362(5), and SMCRA, 30 U.S.C. § 1291(19).

## STATUTORY AND REGULATORY FRAMEWORK

13.     Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the "discharge of any pollutant by any person" into waters of the United States except in compliance with the terms of a permit, such as a National Pollution Discharge Elimination System ("NPDES") Permit issued

4

by the United States Environmental Protection Agency ("EPA") or an authorized state pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

14.    Section 402(a) of the CWA, 33 U.S.C. § 1342(a), provides that the permit issuing authority may issue a NPDES Permit that authorizes the discharge of any pollutant directly into waters of the United States, upon the condition that such discharge will meet all applicable requirements of the CWA and such other conditions as the permitting authority determines necessary to carry out the provisions of the CWA.

15.    Section 402 of the CWA, 33 U.S.C. § 1342, directs the Administrator of EPA to prescribe conditions for NPDES permits to ensure compliance with the requirements of the CWA, including conditions on data and information collection, reporting, and other such requirements as the Administrator deems appropriate.

16.    Effluent limitations, as defined in Section 502(11) of the CWA, 33 U.S.C. § 1362(11), are restrictions on quantity, rate, and concentration of chemical, physical, biological, and other constituents of wastewater discharges.  Effluent limitations are among the conditions and limitations prescribed in NPDES permits issued under Section 402(a) of the CWA, 33 U.S.C. § 1342(a).

17.    Section 303(a) of the CWA, 33 U.S.C. § 1313(a), requires that states adopt ambient water quality standards and establish water quality criteria for particular water bodies that will protect the designated uses of the water.  When technology-based effluent limitations guidelines are insufficient to keep receiving waters within those levels, the permit must include stricter water quality based effluent limits ("WQBELs") that reflect water quality standards and criteria.  33 U.S.C. § 1311(b)(1)(C).

18.    At all times relevant to this complaint, the State of West Virginia has been authorized by EPA to administer a NPDES program for regulating the discharges of pollutants

into the waters of West Virginia.  Permits issued under this program are known as

"WV/NPDES" permits.

19.     Holders of WV/NPDES Permits are required to monitor their discharges and

report their average monthly discharges and maximum daily discharges on a quarterly basis.

Those reports are called "Discharge Monitoring Reports," or "DMRs."

20.     Section 505(a) of the CWA, 33 U.S.C. § 1365(a), authorizes any "citizen" to

"commence a civil action on his own behalf . . . against any person . . . who is alleged to be in

violation of  . . . an effluent standard or limitation under this chapter."

21.     Section 505(f) of the CWA, 33 U.S.C. § 1365(f), defines an "effluent standard or

limitation under this chapter," for purposes of the citizen suit provision in Section 505(a) of the

CWA, 33 U.S.C. § 1365(a), to mean, among other things, an unlawful act under Section 301(a),

33 U.S.C. § 1311(a), of the CWA, a WQBEL, and "a permit or condition thereof issued" under

Section 402, 33 U.S.C. § 1342, of the CWA.

22.     In an action brought under Section 505(a) of the CWA, 33 U.S.C. § 1365(a), the

district court has jurisdiction to order the defendant or defendants to comply with the CWA and

to assess civil penalties under Section 309(d) of the CWA, 33 U.S.C. § 1365(d).  See 33 U.S.C. §

1365(a).

23.     Section 309(d) of the CWA, 33 U.S.C. § 1319(d), provides that any person who

violates Section 301 of the CWA, 33 U.S.C. § 1311, or violates any permit condition or

limitation in a permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342, shall be

subject to a civil penalty payable to the United States of up to $25,000 per day for each violation.

24.     Pursuant to the Federal Civil Penalties Adjustment Act of 1990, 28 U.S.C § 2461

note, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701 note, the

court may assess a civil penalty of up to $32,500 per day for each violation.  See 40 C.F.R. §

6

19.4.

25.     Under Section 505(d) of the CWA, 33 U.S.C § 1365(d), the court "may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such an award is appropriate."

26.     Section 506 of SMCRA, 30 U.S.C. § 1256, prohibits surface coal mining operations without first obtaining a permit from the Office of Surface Mining Reclamation and Enforcement ("OSMRE") or from an approved state regulatory authority.

27.     At all relevant times, the State of West Virginia has administered an approved surface mining regulatory program.  See 30 C.F.R. § 948.10.

28.     Among the performance standards mandated by SMCRA and the WVSCMRA is that mining activities must be conducted in such a manner so as to "prevent material damage to the hydrologic balance outside the permit area."  30 C.F.R. §§ 816.41(a) and 817.41(a); 38 C.S.R. § 2-14.5.

29.     Another performance standard mandated by SMCRA and the State Act is that "[d]ischarge from areas disturbed by . . .  mining shall not violate effluent limitations or cause a violation of applicable water quality standards."  30 C.F.R. §§ 816.42 and 817.42; 38 C.S.R. § 2-14.5.b.

30.     The legislative rules promulgated under the State Act provide that, as a general condition of all surface mining permits issued under the State Act, the permittee must comply with all applicable performance standards.  38 C.S.R. § 2-3.33.c.

31.     Section 520(a) of SMCRA, 33 U.S.C. § 1270(a), authorizes any person adversely affected to bring an action in federal court to compel compliance with SMCRA against any "person who is alleged to be in violation of any rule, regulation, order or permit issued pursuant to [SMCRA]."

32.     Section 520(d) of SMCRA, 33 U.S.C. § 1270(d), authorizes the Court to award the costs of litigation, including attorney fees and expert witness fees, "to any party, whenever the court determines such an award is appropriate."

33.     The West Virginia Department of Environmental Protection (hereinafter "WVDEP") is the agency in the State of West Virginia that administers that State's CWA and SMCRA programs, and issues WV/NPDES Permits and WVSCMRA Permits.

**FACTS**

35.     Selenium is a toxic pollutant of great concern to Plaintiffs.  In humans, selenium can be extremely toxic at higher levels, causing hair and fingernail loss, kidney and liver damage, and damage to the nervous and circulatory systems.  The potential effects of excess selenium on aquatic life are severe and include reproductive failure, birth defects, damage to gills and internal organs, and ocular disease.

36.     EPA and WVDEP recognize selenium as a toxic water pollutant.  See e.g., 47 C.S.R. § 30, app. A.

37.     Selenium bioaccumulates in the tissues of aquatic life, ultimately causing reproductive failure.

38.     Selenium pollution in Belews Lake in North Carolina extirpated 19 out of 20 endemic fish species.

39.     In 1987, EPA promulgated a water quality criterion for selenium of 5 parts per billion (ppb).  In response, West Virginia adopted that criterion as its water quality standard for selenium at some unknown time.

40.     The Programmatic Environmental Impact Statement on Mountaintop Removal Mining conducted by the United States government revealed that West Virginia's waters are being dramatically affected by selenium related to coal mining.

8

41.     As a result of that discovery, Plaintiffs began commenting on WV/NPDES permits issued by WVDEP to inform the agency that it must incorporate selenium effluent limits into the permits to comply with the CWA.

42.     In 2004, Plaintiff West Virginia Highlands Conservancy challenged a surface mining permit issued by WVDEP before the Surface Mining Board, in part because of the permit's lax regulation of selenium-laden materials.  That challenge resulted in WVDEP tightening the selenium limitations in the permitted facility's WV/NPDES permit.  See generally West Virginia Highlands Conservancy v. Timmermeyer, SMB Appeal No. 03-40-SMB (W. Va. Surface Mine Bd. Oct. 20, 2004).

43.     In response to the pressure brought upon it by Plaintiffs, WVDEP began including water quality based effluent limits for selenium in permits that regulated discharges with a reasonable potential to cause or contribute to violations of the water quality standard for selenium.

44.     Six of those WV/NPDES Permits and the mines with which they are associated are the subject of this enforcement action.

45.     Plaintiffs have members who live in this district and recreate in, on, and/or near the streams and rivers affected by Defendants' selenium discharges.

46.     Those members are adversely affected by Defendants' discharges of unlawful quantities of selenium.

47.     Plaintiffs' members environmental, recreational, aesthetic, and health interests are injured by Defendants violations of the CWA and SMCRA.

48.     Plaintiffs' members refrain from swimming, wading, and/or fishing in the streams affected by Defendants' selenium discharges to avoid contact with toxic selenium.

49.     Plaintiffs' members' injuries are caused by Defendants' violations of the CWA and

SMCRA.

50.     Injunctions and/or civil penalties would redress Plaintiffs' members' injuries by preventing and/or deterring future violations of the selenium limits in Defendants' permits.

## WV/NPDES PERMIT NUMBER WV1013599

### *PRE-NOTICE ACTIVITIES*

51.     On August 8, 2006, WVDEP issued WV/NPDES Permit Number WV1013599 to Defendant Apogee's predecessor, Apogee Coal Company, Inc., to regulate water pollution from Apogee's Northwest Ruffner Surface Mine, West Ruffner Surface Mine, and Slab Fork Deep Mine.

52.     On or about September 12, 2006, WVDEP transferred WV/NPDES Permit Number WV1013599 to Defendant Apogee from its predecessor Apogee Coal Company, Inc.

53.     As a result of the sale of Apogee and its predecessor to Magnum, and of the conversion of Apogee Coal Company, Inc., to a limited liability company, Defendant Apogee was responsible for the discharges regulated by WV/NPDES Permit Number WV1013599 from approximately January 1, 2006, to September 12, 2006, notwithstanding the fact that the permit was not officially in Apogee's name during that time.

54.     At all relevant times, Apogee has either held WVSCMRA Permit Number S500593 for its Northwest Ruffner Surface Mine in Logan County, West Virginia, or owned and operated that facility as a result of Magnum's acquisition of Apogee and/or its predecessor and the conversion of Apogee Coal Company, Inc., to a limited liability company.

55.     At all relevant times, Apogee has either held WVSCMRA Permit Number S500190 for its West Ruffner Surface Mine in Logan County, West Virginia, or owned and operated that facility as a result of Magnum's acquisition of Apogee and/or its predecessor and the conversion of Apogee Coal Company, Inc., to a limited liability company.

56.     At all relevant times, Apogee has either held WVSCMRA Permit Number U500598 for its Slab Fork Deep Mine in Logan County, West Virginia, or owned and operated that facility as a result of Magnum's acquisition of Apogee and/or its predecessor and the conversion of Apogee Coal Company, Inc., to a limited liability company.

57.     WV/NPDES Permit Number WV1013599 primarily regulates water pollution from the Northwest Ruffner Surface Mine, but Apogee discharges untreated discharge from West Ruffner Surface Mine and the Slab Fork Deep Mine through Outfall 001 of the permit.

58.     WV/NPDES Permit Number WV1013599 places limits on the amount of selenium that Apogee can discharge into Slab Fork of Rum Creek of the Guyandotte River, North Mudlick Branch of Rum Creek of the Guyandotte River, Big Lick Branch of Rum Creek of the Guyandotte River, Calvin Branch of Rum Creek of the Guyandotte River, and Rum Creek of the Guyandotte River.

59.     WV/NPDES Permit Number WV1013599 sets WQBELs for Apogee's selenium discharges.  Specifically, the monthly average selenium discharge cannot exceed 4.7 µg/l, and the daily maximum selenium discharge cannot exceed 8.2 µg/l.

60.     The DMRs that Apogee submitted to WVDEP revealed numerous violations of the selenium WQBELs, as shown in Attachment A to this Complaint.

61.     Each violation of an average monthly WQBEL represents a violation for each day of that month.

62.     Consequently, as indicated in Attachment A to this Complaint, between the reissuance of WV/NPDES Permit Number WV1013599 in August 2006 and December 31, 2006, Apogee had reported 376 days of violation of the water quality based selenium effluent limitations in that permit.

63.     WV/NPDES Permit includes a condition requiring Apogee to immediately report

11

any violation of a maximum daily effluent limitation of any pollutant identified in the permit by the director.  47 C.S.R. § 30-5.13.d.2.C.  Because selenium is a toxic pollutant, it is among the pollutants whose limits require immediate violation reporting.

64.     On information and belief, Plaintiffs allege that Apogee did not immediately report any of the violations of the daily maximum selenium effluent limitations identified in the preceding paragraphs to WVDEP as required by the conditions of WV/NPDES Permit Number WV1013599.

65.     Consequently, Apogee violated the immediate reporting conditions of WV/NPDES Permit Number WV1013599 eleven (11) times between the permit's reissuance and December 31, 2006.

66.     Outfall 001 of WV/NPDES Permit Number WV1013599 discharges into Slab Fork of Rum Creek of the Guyandotte River ("Slab Fork").

67.     The DMRs that Apogee submitted to WVDEP indicate that Apogee's discharges are causing and/or contributing to significantly elevated selenium concentrations in Slab Fork.

68.     Between September 2006 and December 2006, the minimum selenium concentration measured each month by Apogee in Slab Fork downstream of the outfalls regulated by WV/NPDES Permit Number WV1013599 ranged from 6.90 µg/l to 9.50 µg/l, exceeding the water quality standard for selenium of 5 µg/l.

69.     Between September 2006 and December 2006, the maximum selenium concentration measured each month by Apogee in Slab Fork downstream of the outfalls regulated by WV/NPDES Permit Number WV1013599 ranged from 7.90 µg/l to 13.60 µg/l, exceeding the water quality standard for selenium of 5 µg/l.

70.     Between September 2006 and December 2006, the average selenium concentration measured each month by Apogee in Slab Fork downstream of the outfalls regulated by

WV/NPDES Permit Number WV1013599 ranged from 7.40 µg/l to 10.70 µg/l, exceeding the water quality standard for selenium of 5 µg/l.

71.     Every measurement that Apogee took of the selenium concentrations in Slab Fork downstream of the outfalls regulated by WV/NPDES Permit Number WV1013599 between September 2006 and December 2006 revealed levels of selenium in Slab Fork in excess of the water quality standard for selenium of 5 µg/l.

72.     Between September 2006 and December 2006, the average selenium concentration in the effluent that Apogee discharged into Slab Fork from Outfall 001 ranged from greater than 8.05 µg/l to 11.10 µg/l.

73.     Outfall 003 of WV/NPDES Permit Number WV1013599 discharges into Rum Creek of the Guyandotte River.

74.     The DMRs that Apogee submitted to WVDEP indicate that Apogee's discharges are causing or contributing to significantly elevated selenium concentrations in Rum Creek of the Guyandotte River.

75.     In September 2006, the daily maximum selenium concentration in Rum Creek increased from a level of 5.7 µg/l upstream of Apogee's discharges that are regulated by WV/NPDES Permit Number WV1013599 to a level of 6.1 µg/l downstream from those facilities.

76.     In October 2006, the daily maximum selenium concentration in Rum Creek increased from a level of 6.5 µg/l upstream of Apogee's discharges that are regulated by WV/NPDES Permit Number WV1013599 to a level of 7.8 µg/l downstream from those facilities.

77.     In November 2006, the daily maximum selenium concentration in Rum Creek increased from a level of 5.8 µg/l upstream of Apogee's discharges that are regulated by WV/NPDES Permit Number WV1013599 to a level of 8.2 µg/l downstream from those facilities.

78.     In December 2006, the daily maximum selenium concentration in Rum Creek

increased from a level of 6.5 µg/l upstream of Apogee's discharges that are regulated by WV/NPDES Permit Number WV1013599 to a level of 7.2 µg/l downstream from those facilities.

79.     On January 31, 2007, WVDEP issued an order of compliance to Apogee that purported to issue Apogee a three-year compliance schedule for the selenium WQBELs in WV/NPDES Permit Number WV1013599.  Although that order purported to modify the terms of WV/NPDES Permit Number WV1013599, because of procedural and substantive defects with the order, it was ineffective as a permit modification.  Consequently, the terms of WV/NPDES Permit Number WV1013599 were not affected by the compliance order of January 31, 2007.

80.     Plaintiffs sent a notice of intent letter (hereinafter, "NOI"), postmarked on March 22, 2007, to Apogee notifying Apogee that the above facts constituted violations of the Clean Water Act and SMCRA.

81.     The NOI also notified Apogee of Plaintiffs' intent to sue Apogee for those violations at the end of the 60-day period required by statute.

82.     The NOI was sent by certified mail, return receipt requested, to the following persons:  Mike Day, Vice President and General Manager of Apogee Coal Company, LLC; Secretary Stephanie Timmermeyer, WVDEP; Donald S. Welsh, Regional Administrator of EPA Region III; Stephen L. Johnson, Adminstrator of EPA; Dirk Kempthorne, Secretary of the United States Department of Interior; Brent Wahlquist, Acting Director of the Office of Surface Mining Reclamation and Enforcement; and Richard H. Verheij, Registered Agent for Apogee Coal Company, LLC.  The NOI was also sent to the Regional Director for the Appalachian Region of the Office of Surface Mining Enforcement and Reclamation via first class mail, postage prepaid.

83.     Mike Day, Vice President and General Manager of Apogee Coal Company, LLC, received Plaintiffs' NOI on March 23, 2007.

84.     Secretary Timmermeyer of the WVDEP received Plaintiffs' NOI on March 23,

2007.

85.     Regional Administrator Welsh of EPA received Plaintiffs' NOI on April 3, 2007.

86.     Administrator Johnson of EPA received Plaintiffs' NOI on March 27, 2007.

87.     Secretary Kempthorne of the United States Department of Interior received Plaintiffs' NOI on March 28, 2007.

88.     Acting Director Wahlquist of the Office of Surface Mining Reclamation and Enforcement received Plaintiffs' NOI on March 27, 2007.

89.     Richard Verheij, Registered Agent for Apogee Coal Company, LLC, received Plaintiffs' NOI on March 23, 2007.

## POST-NOTICE ACTIVITIES

90.     Apogee provided its DMRs for the first quarter of 2007 to the WVDEP on or about April 20, 2007.

91.     Those DMRs revealed numerous violations of the selenium WQBELs, as shown in Attachment A to this Complaint.

92.     As a result of the violations described in Attachment A to this Complaint, Apogee accrued an additional 157 days of violation of the selenium effluent limitations in WV/NPDES Permit Number WV1013599 in the first quarter of 2007.

93.     On information and belief, Plaintiffs allege that Apogee did not immediately report any of the violations of the daily maximum selenium effluent limitations that occurred in the first quarter of 2007, to WVDEP as required by the conditions of WV/NPDES Permit Number WV1013599.

94.     Consequently, Apogee violated the immediate reporting conditions of WV/NPDES Permit Number WV1013599 five (5) times in the first quarter of 2007.

95.     Apogee's DMRs for the first quarter of 2007 indicate that Apogee's discharges are

continuing to cause and/or contribute to significantly elevated selenium concentrations in Slab Fork.

96.     Apogee did not report selenium concentrations in Slab Fork for March 2007.

97.     Between January 2007 and February 2007, the minimum selenium concentration measured each month by Apogee in Slab Fork downstream of the outfalls regulated by WV/NPDES Permit Number WV1013599 ranged from 5.90 µg/l to 20.10 µg/l, exceeding the water quality standard for selenium of 5 µg/l.

98.     Between January 2007 and February 2007, the maximum selenium concentration measured each month by Apogee in Slab Fork downstream of the outfalls regulated by WV/NPDES Permit Number WV1013599 ranged from 18.90 µg/l to 20.10 µg/l, exceeding the water quality standard for selenium of 5 µg/l.

99.     Between January 2007 and February 2007, the average selenium concentration measured each month by Apogee in Slab Fork downstream of the outfalls regulated by WV/NPDES Permit Number WV1013599 ranged from 12.40 µg/l to 20.10 µg/l, exceeding the water quality standard for selenium of 5 µg/l.

100.    Every measurement that Apogee took of the selenium concentrations in Slab Fork downstream of the outfalls regulated by WV/NPDES Permit Number WV1013599 in the first quarter of 2007 revealed levels of selenium in Slab Fork in excess of the water quality standard for selenium of 5 µg/l.

101.    Between January 2007 and February 2007, the average selenium concentration in the effluent that Apogee discharged into Slab Fork from Outfall 001 ranged from 15.15 µg/l to 21.05 µg/l.

102.    Apogee's DMRs for the first quarter of 2007 indicate that Apogee's discharges are continuing to cause and/or contribute to significantly elevated selenium concentrations in Rum

Creek of the Guyandotte River.

103.    In January 2007, the daily maximum selenium concentration in Rum Creek increased from a level of 5.3 µg/l upstream of Apogee's facilities that are regulated by WV/NPDES Permit Number WV1013599 to a level of 8.6 µg/l downstream from those facilities.

104.    In February 2007, the daily maximum selenium concentration in Rum Creek increased from a level of 8.0 µg/l upstream of Apogee's facilities that are regulated by WV/NPDES Permit Number WV1013599 to a level of 12.4 µg/l downstream from those facilities.

105.    In March 2007, the daily maximum selenium concentration in Rum Creek increased from a level of 4.2 µg/l upstream of Apogee's discharges that are regulated by WV/NPDES Permit Number WV1013599 to a level of 5.1 µg/l downstream from those facilities.

106.    On the basis on Apogee's pattern of violations of its selenium limits in WV/NPDES Permit Number WV1013599, Plaintiffs allege that Apogee is in continuing violation of the Clean Water Act and SMCRA.

**WV/NPDES PERMIT NUMBER WV1020889**

107.    On April 1, 2004, WVDEP issued WV/NPDES Permit Number WV1020889 to Defendant Hobet's predecessor, Hobet Mining, Inc., to regulate water pollution from Hobet's Westridge No. 3 Surface Mine.

108.    In or about September 2006, WVDEP transferred WV/NPDES Permit Number WV1020889 from Hobet Mining, Inc., to Hobet Mining, LLC.

109.    At all relevant times, Hobet has held WVSCMRA Permit Number S500203 for its Westridge No. 3 Surface Mine in Lincoln County, West Virginia.

110.    WV/NPDES Permit Number WV1020889 places limits on the amount of selenium that Hobet can discharge into Berry Branch of the Mud River of the Guyandotte River, unnamed

tributaries of the Mud River of the Guyandotte River, and the Mud River of the Guyandotte River.

111.   WV/NPDES Permit Number WV1020889 sets WQBELs for Hobet's selenium discharges.  Specifically, the monthly average selenium discharge cannot exceed 4.7 µg/l, and the daily maximum selenium discharge cannot exceed 8.2 µg/l.

112.   In November 2006, Hobet's monthly average selenium discharge from Outfall 005 was 5.10 µg/l, a quantity that exceeds the WQBEL for selenium in WV/NPDES Permit Number WV1020889.

113.   Plaintiffs sent a notice of intent letter (hereinafter, "NOI"), postmarked on March 22, 2007, to Hobet notifying Hobet that the above facts constituted violations of the Clean Water Act and SMCRA.

114.   The NOI also notified Hobet of Plaintiffs' intent to sue Hobet for those violations at the end of the 60-day period required by statute.

115.   The NOI was sent by certified mail, return receipt requested, to the following persons:  Mike Jarrell, General Manager of Hobet Mining, LLC; Secretary Stephanie Timmermeyer, WVDEP; Donald S. Welsh, Regional Administrator of EPA Region III; Stephen L. Johnson, Adminstrator of EPA; Dirk Kempthorne, Secretary of the United States Department of Interior; Brent Wahlquist, Acting Director of the Office of Surface Mining Reclamation and Enforcement; and Richard H. Verheij, Registered Agent for Hobet Mining, LLC.  The NOI was also sent to the Regional Director for the Appalachian Region of the Office of Surface Mining Enforcement and Reclamation via first class mail, postage prepaid.

116.   Mike Jarrell, General Manager of Hobet Mining, LLC, received Plaintiffs' NOI on March 23, 2007.

117.   Secretary Timmermeyer of the WVDEP received Plaintiffs' NOI on March 23,

18

2007.

118.   Regional Administrator Welsh of EPA received Plaintiffs' NOI on April 3, 2007.

119.   Administrator Johnson of EPA received Plaintiffs' NOI on March 27, 2007.

120.   Secretary Kempthorne of the United States Department of Interior received Plaintiffs' NOI on March 28, 2007.

121.   Acting Director Wahlquist of the Office of Surface Mining Reclamation and Enforcement received Plaintiffs' NOI on March 27, 2007.

122.   Richard Verheij, Registered Agent for Hobet Mining, LLC, received Plaintiffs' NOI on March 26, 2007.

123.   On information and belief, Plaintiffs allege that Hobet is in continuing and/or intermittent violation of the WQBELs for selenium at Outfall 005 because Hobet has taken no action to eradicate the underlying cause of the violations at that outfall.

124.   On the basis on Hobet's continuing and/or intermittent violations of its selenium limits in WV/NPDES Permit Number WV1020889, Plaintiffs allege that Hobet is in continuing and/or intermittent violation of the Clean Water Act and SMCRA.

**WV/NPDES PERMIT NUMBER WV1021028**

*PRE-NOTICE ACTIVITIES*

125.   On February 4, 2005, WVDEP issued WV/NPDES Permit Number WV1021028 to Defendant Hobet's predecessor, Hobet Mining, Inc., to regulate water pollution from Hobet's Westridge South No. 1 Surface Mine.

126.   In or about September 2006, WVDEP transferred WV/NPDES Permit Number WV1021028 from Hobet Mining, Inc, to Hobet Mining, LLC.

127.   As a result of the sale of Hobet and its predecessor to Magnum, and of the conversion of Hobet Mining, Inc., to a limited liability company, Defendant Hobet was

responsible for the discharges regulated by WV/NPDES Permit Number WV1021028 from approximately January 1, 2006, through September 2006, notwithstanding the fact that the permit was not officially in Hobet's name during that time.

128.    At all relevant times, Hobet has either held WVSCMRA Permit Number S500404 for its Westridge South No. 1 Surface Mine in Lincoln and Boone Counties, West Virginia, or owned and operated that mine as a result of Magnum's acquisition of Hobet and Hobet Mining, Inc.'s conversion to a limited liability company.

129.    WV/NPDES Permit Number WV1021028 places limits on the amount of selenium that Hobet can discharge into Fawn Hollow of Big Ugly Creek of the Guyandotte River and Lukey Fork of Mud River of the Guyandotte River..

130.    WV/NPDES Permit Number WV1021028 sets WQBELs for Hobet's selenium discharges.  Specifically, the monthly average selenium discharge cannot exceed 4.7 µg/l, and the daily maximum selenium discharge cannot exceed 8.2 µg/l.

131.    The DMRs that Hobet submitted to WVDEP revealed numerous violations of the selenium WQBELs, as shown in Attachment B to this Complaint.

132.    As a result of the violations described in Attachment B to this Complaint, between the time that the outfalls regulated by WV/NPDES Permit Number WV1021028 were constructed and December 31, 2006, Hobet had reported 252 days of violation of the water quality based selenium effluent limitations in that permit.

133.    WV/NPDES Permit Number WV1021028 includes a condition requiring Hobet to immediately report any violation of a maximum daily effluent limitation of any pollutant identified in the permit by the director.  47 C.S.R. § 30-5.13.d.2.C.  Because selenium is a toxic pollutant, it is among the pollutants whose limits require immediate violation reporting.

134.    On information and belief, Plaintiffs allege that Hobet did not immediately report

any of the violations of the daily maximum selenium effluent limitations identified in the preceeding paragraphs to WVDEP as required by the conditions of WV/NPDES Permit Number WV1021028.

135.    Consequently, Hobet violated the immediate reporting conditions of WV/NPDES Permit Number WV1021028 eight (8) times between the time that the outfalls regulated by that permit were constructed and December 31, 2006.

136.    Outfalls 004, 006, and 008 of WV/NPDES Permit Number WV1021028 discharge into Lukey Fork of the Mud River of the Guyandotte River.

137.    The WVDEP considers a water to be "impaired" for a particular pollutant "if a greater than 10% frequency of exceedance [of the water quality standard for that pollutant] is demonstrated in an ample dataset (20 or more available observations)."  WVDEP, 2006 Integrated Water Quality Monitoring and Assessment Report 17 (2006).

138.    Between July 1, 2004, and December 31, 2004, Hobet reported the results of 230 monitoring samples taken from Lukey Fork at various locations.

139.    Thirty-four of those samples showed selenium concentrations in excess of the water quality standard for selenium of 0.05 µg/l.

140.    Because an ample dataset demonstrated an exceedance frequency of more than 10%, Lukey Fork meets WVDEP's criteria for listing as impaired for selenium.

141.    Hobet's discharges under WV/NPDES Permit Number WV1021028 are a contributing cause of Lukey Fork's impairment for selenium.

142.    WVDEP testing of fish tissue from aquatic life in the Mud River Reservoir, located downstream from Hobet's Westridge South No. 1 Surface Mine, indicates that reservoir fish have bioaccumulated levels of selenium in their tissues that jeopardize their ability to reproduce.

143.    Such levels impair the use of the Mud River Reservoir for the propagation of aquatic life.

144.    The selenium discharges from Hobet's Westridge South No. 1 Surface Mine are contributing to the selenium problems in the Mud River Reservoir.

145.    Plaintiffs sent a notice of intent letter (hereinafter, "NOI"), postmarked on March 22, 2007, to Hobet notifying Hobet that the above facts constituted violations of the Clean Water Act and SMCRA.

146.    The NOI also notified Hobet of Plaintiffs' intent to sue Hobet for those violations at the end of the 60-day period required by statute.

147.    The NOI was sent by certified mail, return receipt requested, to the following persons:  Mike Jarrell, General Manager of Hobet Mining, LLC; Secretary Stephanie Timmermeyer, WVDEP; Donald S. Welsh, Regional Administrator of EPA Region III; Stephen L. Johnson, Adminstrator of EPA; Dirk Kempthorne, Secretary of the United States Department of Interior; Brent Wahlquist, Acting Director of the Office of Surface Mining Reclamation and Enforcement; and Richard H. Verheij, Registered Agent for Hobet Mining, LLC.  The NOI was also sent to the Regional Director for the Appalachian Region of the Office of Surface Mining Enforcement and Reclamation via first class mail, postage prepaid.

148.    Mike Jarrell, General Manager of Hobet Mining, LLC, received Plaintiffs' NOI on March 23, 2007.

149.    Secretary Timmermeyer of the WVDEP received Plaintiffs' NOI on March 23, 2007.

150.    Regional Administrator Welsh of EPA received Plaintiffs' NOI on April 3, 2007.

151.    Administrator Johnson of EPA received Plaintiffs' NOI on March 27, 2007.

152.    Secretary Kempthorne of the United States Department of Interior received

Plaintiffs' NOI on March 28, 2007.

153.    Acting Director Wahlquist of the Office of Surface Mining Reclamation and Enforcement received Plaintiffs' NOI on March 27, 2007.

154.    Richard Verheij, Registered Agent for Hobet Mining, LLC, received Plaintiffs' NOI on March 26, 2007.

### *POST-NOTICE ACTIVITIES*

155.    Hobet provided its DMRs for the first quarter of 2007 to the WVDEP on or about April 20, 2007.

156.    Those DMRs revealed numerous violations of the selenium WQBELs, as shown in Attachment B to this Complaint.

157.    A sample taken by a WVDEP inspector on April 17, 2007, from Outfall 006 of WV/NPDES Permit Number WV1021028 revealed a selenium discharge of 17 µg/l, a quantity that exceeds the WQBEL for selenium in WV/NPDES Permit Number WV1021028.

158.    As a result of the violations described in Attachment B to this Complaint, Hobet accrued an additional 119 days of violation of the selenium effluent limitations in WV/NPDES Permit Number WV1021028 in the first quarter of 2007, with an additional day of violation on April 17, 2007, for a total of at least 120 violations to this point in 2007.

159.    On information and belief, Plaintiffs allege that Hobet did not immediately report any of the violations of the daily maximum selenium effluent limitations that occurred after January 1, 2007, to WVDEP as required by the conditions of WV/NPDES Permit Number WV1021028.

160.    Consequently, Hobet has violated the immediate reporting conditions of WV/NPDES Permit Number WV1021028 four (4) times since January 1, 2007.

161.    On the basis on Hobet's pattern of violations of its selenium limits in WV/NPDES

Permit Number WV1021028, Plaintiffs allege that Hobet is in continuing violation of the Clean Water Act and SMCRA.

### WV/NPDES PERMIT NUMBER WV1017225

162.    At all relevant times, Defendant Hobet has held WV/NPDES Permit Number WV1017225, which regulates water pollution from Hobet's Berry Branch Deep Mine.

163.    At all relevant times, Hobet has held WVSCMRA Permit Number U500798 for its Berry Branch Deep Mine in Lincoln and Boone Counties, West Virginia.

164.    WV/NPDES Permit Number WV1017225 places limits on the amount of selenium that Hobet can discharge into Berry Branch of the Mud River of the Guyandotte River, unnamed tributaries of the Mud River of Guyandotte River, and Mud River of the Guyandotte River.

165.    WV/NPDES Permit Number WV1017225 sets WQBELs for Hobet's selenium discharges.  Specifically, the monthly average selenium discharge cannot exceed 4.7 µg/l, and the daily maximum selenium discharge cannot exceed 8.2 µg/l.

166.    The WQBELs for selenium in WV/NPDES Permit Number WV1017225 went into effect on January 21, 2007, after a three year period during which Hobet was to prepare itself to comply with the selenium limits.

167.    Plaintiffs sent a notice of intent letter (hereinafter, "NOI"), postmarked on March 2, 2007, to Hobet notifying Hobet that Plaintiffs had reason to believe, based on past DMRs, that, when the WQBELs for selenium in WV/NPDES Permit Number WV1017225 went into effect on January 21, 2007, Hobet began discharging unlawful quantities of selenium from the outfalls regulated by WV/NPDES Permit Number WV1017225 and, consequently, was in ongoing violation of the Clean Water Act and SMCRA.

168.    The NOI also notified Hobet of Plaintiffs' intent to sue Hobet for those violations at the end of the 60-day period required by statute.

169.    The NOI was sent by certified mail, return receipt requested, to the following

persons:  Mike Jarrell, General Manager of Hobet Mining, LLC; Secretary Stephanie

Timmermeyer, WVDEP; Donald S. Welsh, Regional Administrator of EPA Region III; Stephen

L. Johnson, Adminstrator of EPA; Dirk Kempthorne, Secretary of the United States Department

of Interior; Brent Wahlquist, Acting Director of the Office of Surface Mining Reclamation and

Enforcement; and Richard H. Verheij, Registered Agent for Hobet Mining, LLC.  The NOI was

also sent to the Regional Director for the Appalachian Region of the Office of Surface Mining

Enforcement and Reclamation via first class mail, postage prepaid.

170.    Mike Jarrell, General Manager of Hobet Mining, LLC, received Plaintiffs' NOI on

March 5, 2007.

171.    Secretary Timmermeyer of the WVDEP received Plaintiffs' NOI on March 5,

2007.

172.    Regional Administrator Welsh of EPA received Plaintiffs' NOI on March 5, 2007.

173.    Administrator Johnson of EPA received Plaintiffs' NOI on March 7, 2007.

174.    Secretary Kempthorne of the United States Department of Interior received

Plaintiffs' NOI on March 7, 2007.

175.    Acting Director Wahlquist of the Office of Surface Mining Reclamation and

Enforcement received Plaintiffs' NOI on March 7, 2007.

176.    Richard Verheij, Registered Agent for Hobet Mining, LLC, received Plaintiffs'

NOI on March 5, 2007.

177.    On April 5, 2007, WVDEP issued an order of compliance to Hobet that purported

to issue Hobet a three-year compliance schedule for the selenium WQBELs in WV/NPDES

Permit Number WV1017225.  Although that order purported to modify the terms of WV/NPDES

Permit Number WV1017225, because of procedural and substantive defects with the order, it was

ineffective as a permit modification.  Consequently, the terms of WV/NPDES Permit Number

WV1017225 were not affected by the compliance order of April 5, 2007.

178.   Hobet provided its DMRs for the first quarter of 2007 to the WVDEP on or about

April 20, 2007.

179.   In January 2007, Hobet's average monthly selenium discharge from Outfall 002

was 5.1 µg/l, a quantity that exceeds the WQBEL for selenium in WV/NPDES Permit Number

WV1017225.

180.   In March 2007, Hobet's average monthly selenium discharge from Outfall 002 was

5.8 µg/l, a quantity that exceeds the WQBEL for selenium in WV/NPDES Permit Number

WV1017225.

181.   Consequently, Hobet accrued 42 days of violation of the effluent limits for

selenium in WV/NPDES Permit Number WV1017225 in the first quarter of 2007.  Those

violations are described in Attachment C to this Complaint.

182.   WVDEP testing of fish tissue from aquatic life in the Mud River Reservoir,

located downstream from Hobet's Berry Branch Deep Mine, indicates that reservoir fish have

bioaccumulated levels of selenium in their tissues that jeopardize their ability to reproduce.

183.   Such levels impair the use of the Mud River Reservoir for the propagation of

aquatic life.

184.   The selenium discharges from Hobet's Berry Branch Deep Mine are contributing

to the selenium problems in the Mud River Reservoir.

## WV/NPDES PERMIT NUMBER WV1016776

### *PRE-NOTICE ACTIVITIES*

185.   On November 12, 2003, WVDEP issued WV/NPDES Permit Number

WV1016776 to Defendant Hobet's predecessor, Hobet Mining, Inc., to regulate water pollution

from Hobet's West Ridge Surface mine and West Ridge Extension Surface Mine.

186.    In or about September 2006, WVDEP transferred WV/NPDES Permit Number WV1016776 from Hobet Mining, Inc., to Hobet Mining, LLC.

187.    At all relevant times, Hobet has held WVSCMRA Permit Number S500396 for its West Ridge Surface Mine in Lincoln and Boone Counties, West Virginia.

188.    At all relevant times, Hobet has held WVSCMRA Permit Number S501101 for its West Ridge Extension Surface Mine, also known as the West Ridge No. 2 Surface Mine.

189.    Hobet discharges effluent from West Ridge Surface Mine, WVSCMRA Permit Number S500396, through the following outfalls of WV/NPDES Permit Number WV1016776: 001, 002, 003, 004, 005, 006, 007, 007, 009, 010, 011, 012, 013, 014, 041, 042, 043, 044, 045, 046, 047, 048, and 053.

190.    Hobet discharges effluent from its West Ridge Extension Surface Mine, WVSCMRA Permit Number S501101, through the following outfalls of WV/NPDES Permit Number WV1016776:  049, 050, 051, and 052.

191.    WV/NPDES Permit Number WV1016776 places limits on the amount of selenium that Hobet can discharge into unnamed tributaries of Connelly Branch of the Mud River of the Guyandotte River, Grider Fork of Connelly Branch of the Mud River of the Guyandotte River, Connelly Branch of the Mud River of the Guyandotte River, Lukey Fork of the Mud River of Guyandotte River, Passenger Fork of the Mud River of Guyandotte River, unnamed tributaries of the Mud River of Guyandotte River, and the Mud River of the Guyandotte River.

192.    WV/NPDES Permit Number WV1016776 sets WQBELs for Hobet's selenium discharges.  Specifically, the monthly average selenium discharge cannot exceed 4.7 µg/l, and the daily maximum selenium discharge cannot exceed 8.2 µg/l.

193.    The WQBELs for selenium in WV/NPDES Permit Number WV1016776 went into

effect on November 13, 2006, after a three year period during which Hobet was to prepare itself to comply with the selenium limits.

194.   The DMRs that Hobet submitted to WVDEP revealed numerous violations of the selenium WQBELs, as shown in Attachment D.

195.   As a result of the violations described in Attachment D to this Complaint, Hobet accrued 267 days of violation of its effluent limits for selenium in WV/NPDES Permit Number WV1016776 between November 13, 2006, and December 31, 2006.

196.   WVDEP testing of fish tissue from aquatic life in the Mud River Reservoir, located downstream from Hobet's facilities associated with WV/NPDES Permit Number WV1016776 indicates that reservoir fish have bioaccumulated levels of selenium in their tissues that jeopardize their ability to reproduce.

197.   Such levels impair the use of the Mud River Reservoir for the propagation of aquatic life.

198.   The selenium discharges from Hobet's facilities associated with WV/NPDES Permit Number WV1016776 are contributing to the selenium problems in the Mud River Reservoir.

199.   Plaintiffs sent a notice of intent letter (hereinafter, "NOI"), postmarked on March 22, 2007, to Hobet notifying it that, as a result of its discharges of unlawful quantities of selenium from its West Ridge Surface Mine, Surface Mining Act Permit Number S500396, Hobet was in ongoing violation of various provisions of SMCRA.

200.   The NOI also notified Hobet of Plaintiffs' intent to sue Hobet for those violations at the end of the 60-day period required by statute.

201.   The NOI was sent by certified mail, return receipt requested, to the following persons:  Mike Jarrell, General Manager of Hobet Mining, LLC; Secretary Stephanie

Timmermeyer, WVDEP;  Dirk Kempthorne, Secretary of the United States Department of Interior; Brent Wahlquist, Acting Director of the Office of Surface Mining Reclamation and Enforcement; and Richard H. Verheij, Registered Agent for Hobet Mining, LLC.  The NOI was also sent to the Regional Director for the Appalachian Region of the Office of Surface Mining Enforcement and Reclamation via first class mail, postage prepaid.

202.    Mike Jarrell, General Manager of Hobet Mining, LLC, received Plaintiffs' NOI on March 23, 2007.

203.    Secretary Timmermeyer of the WVDEP received Plaintiffs' NOI on March 23, 2007.

204.    Secretary Kempthorne of the United States Department of Interior received Plaintiffs' NOI on March 28, 2007.

205.    Acting Director Wahlquist of the Office of Surface Mining Reclamation and Enforcement received Plaintiffs' NOI on March 27, 2007.

206.    Richard Verheij, Registered Agent for Hobet Mining, LLC, received Plaintiffs' NOI on March 26, 2007.

## POST-NOTICE ACTIVITIES

207.    Hobet provided its DMRs for the first quarter of 2007 to the WVDEP on or about April 20, 2007.

208.    Those DMRs revealed numerous violations of the selenium WQBELs, as shown in Attachment D to this Complaint.

209.    A sample taken by a WVDEP inspector on April 20, 2007, from Outfall 003 of WV/NPDES Permit Number WV1016776 revealed a selenium discharge of 10 µg/l, a quantity that exceeds the WQBEL for selenium in WV/NPDES Permit Number WV1016776.

210.    A sample taken by a WVDEP inspector on April 20, 2007, from Outfall 006 of

WV/NPDES Permit Number WV1016776 revealed a selenium discharge of 10 µg/l, a quantity that exceeds the WQBEL for selenium in WV/NPDES Permit Number WV1016776.

211.   As a result of the violations described in Attachment D to this Complaint, Hobet accrued 493 days of violation of the effluent limits for selenium in WV/NPDES Permit Number WV1016776 in the first quarter of 2007, with an additional two days of violation on April 20, 2007, for a total of at least 495 violations to this point in 2007.

212.   Hobet continues to discharge unlawful amounts of selenium from outfalls regulated under WV/NPDES Permit Number WV1016776, leading to further violations of SMCRA.

## WV/NPDES PERMIT NUMBER WV0099392

### *PRE-NOTICE ACTIVITIES*

213.   On November 12, 2003, WVDEP issued WV/NPDES Permit Number WV0099392 to Defendant Hobet's predecessor, Hobet Mining, Inc., to regulate water pollution from Hobet's H-21 Surface Mine Operation, Sugar Tree Deep Mine, and Ancillary Facility.

214.   In or about September 2006, WVDEP transferred WV/NPDES Permit Number WV0099392 from Hobet Mining, Inc., to Hobet Mining, LLC.

215.   At all relevant times, Hobet has held WVSCMRA Permit Numbers S003285, S508088, S502689, and S502991 for its H-21 Surface Mine Operation in Boone County, West Virginia.

216.   Although the permit is not in its name, Hobet is responsible for discharges from the surface mining operations regulated by WVSCMRA Permit Number S502295 because it owns that facility as a result of the conversion of Hobet Mining, Inc., into a limited liability company and the sale of Hobet and its predecessor to Magnum.

217.   At all relevant times, Hobet has held WVSCMRA Permit Number U501495 for its

Sugar Tree Deep Mine in Boone County, West Virginia.

218.    At all relevant times, Hobet has held WVSCMRA Permit Number O501097 for its Ancillary Facility in Boone County, West Virginia.

219.    Hobet discharges effluent from that portion of its H-21 Surface Mine Operation permitted under WVSCMRA Permit Number S003285 through, among others, the following outfalls of WV/NPDES Permit Number WV0099392: 013 and 018.

220.    Hobet discharges effluent from that portion of its H-21 Surface Mine Operation permitted under WVSCMRA Permit Number S508088 through, among others, the following outfalls of WV/NPDES Permit Number WV0099392: 013 and 018.

221.    Hobet discharges effluent from that portion of its H-21 Surface Mine Operation permitted under WVSCMRA Permit Number S502689 through, among others, the following outfalls of WV/NPDES Permit Number WV0099392: 013 and 018.

222.    Hobet discharges effluent from that portion of its H-21 Surface Mine Operation permitted under WVSCMRA Permit Number S502991 through, among others, the following outfalls of WV/NPDES Permit Number WV0099392: 013 and 18.

223.    Hobet discharges effluent from its Sugar Tree Deep Mine, permitted under WVSCMRA Permit Number U501495, through, among others, the following outfalls of WV/NPDES Permit Number WV0099392: 013 and 018.

224.    Hobet discharges effluent from its Ancillary Facility, permitted under WVSCMRA Permit Number O501097, through, among others, the following outfalls of WV/NPDES Permit Number WV0099392:  013 and 018.

225.    WV/NPDES Permit Number WV0099392 places limits on the amount of selenium that Hobet can discharge into Adkins Fork of Lick Creek of the Little Coal River of the Coal River of the Kanawha River, Dry Branch of Lick Creek of the Little Coal River of the Coal River

of the Kanawha River, Horse Creek of Lick Creek of the Little Coal River of the Coal River of the Kanawha River, Boone Block Hollow of Jack Smith Branch of the Little Coal River of the Coal River of the Kanawha River, Spruce Lick of Big Horse Creek of the Little Coal River of the Coal River of the Kanawha River, Jule Fork of Big Horse Creek of the Little Coal River of the Coal River of the Kanawha River, Rich Hollow of Big Horse Creek of the Little Coal River of Coal River of the Kanawha River, Lavender Fork of Big Horse Creek of the Little Coal River of the Coal River of the Kanawha River, Ballard Fork of the Mud River of the Guyandotte River, Sugartree Branch of the Mud River of the Guyandotte River, Stanley Fork of the Mud River of the Guyandotte River, and the Mud River of the Guyandotte River.

226.    WV/NPDES Permit Number WV0099392 sets WQBELs for Hobet's selenium discharges from many of the outfalls regulated by that permit, including Outfalls 013 and 018. Specifically, the monthly average selenium discharge cannot exceed 4.7 µg/l, and the daily maximum selenium discharge cannot exceed 8.2 µg/l.

227.    The WQBELs for selenium in WV/NPDES Permit Number WV0099392 went into effect on November 13, 2006, after a three year period during which Hobet was to prepare itself to comply with the selenium limits.

228.    The DMRs that Hobet submitted to WVDEP revealed numerous violations of the selenium WQBELs, as shown in Attachment E to this Complaint.

229.    As a result of the violations described in Attachment E to this Complaint, Hobet accrued 38 days of violation of the effluent limits for selenium in WV/NPDES Permit Number WV0099392 between November 13, 2006, and December 31, 2006.

230.    WVDEP testing of fish tissue from aquatic life in the Mud River Reservoir, located downstream from Hobet's facilities associated with WV/NPDES Permit Number WV0099392, indicates that reservoir fish have bioaccumulated levels of selenium in their tissues

that jeopardize their ability to reproduce.

231.     Such levels impair the use of the Mud River Reservoir for the propagation of aquatic life.

232.     The selenium discharges from Hobet's facilities associated with WV/NPDES Permit Number WV0099392 are contributing to the selenium problems in the Mud River Reservoir.

233.     Plaintiffs sent a notice of intent letter (hereinafter, "NOI"), postmarked on March 22, 2007, to Hobet notifying it that, as a result of its discharges of unlawful quantities of selenium from its H-21 Surface Mine, Sugar Tree Deep Mine, and Ancillary Facility, WVSCRA Permit Numbers S003285, S508088, S502689, S502991, S502295, U501495, and O501097, Hobet was in ongoing violation of various provisions of SMCRA.

234.     The NOI also notified Hobet of Plaintiffs' intent to sue Hobet for those violations at the end of the 60-day period required by statute.

235.     The NOI was sent by certified mail, return receipt requested, to the following persons:  Mike Jarrell, General Manager of Hobet Mining, LLC; Secretary Stephanie Timmermeyer, WVDEP;  Dirk Kempthorne, Secretary of the United States Department of Interior; Brent Wahlquist, Acting Director of the Office of Surface Mining Reclamation and Enforcement; and Richard H. Verheij, Registered Agent for Hobet Mining, LLC.  The NOI was also sent to the Regional Director for the Appalachian Region of the Office of Surface Mining Enforcement and Reclamation via first class mail, postage prepaid.

236.     Mike Jarrell, General Manager of Hobet Mining, LLC, received Plaintiffs' NOI on March 23, 2007.

237.     Secretary Timmermeyer of the WVDEP received Plaintiffs' NOI on March 23, 2007.

238.    Secretary Kempthorne of the United States Department of Interior received Plaintiffs' NOI on March 28, 2007.

239.    Acting Director Wahlquist of the Office of Surface Mining Reclamation and Enforcement received Plaintiffs' NOI on March 27, 2007.

240.    Richard Verheij, Registered Agent for Hobet Mining, LLC, received Plaintiffs' NOI on March 26, 2007.

### *POST-NOTICE ACTIVITIES*

241.    Hobet provided its DMRs for the first quarter of 2007 to the WVDEP on or about April 20, 2007.

242.    Those DMRs revealed numerous violations of the selenium WQBELs, as shown in Attachment E to this Complaint.

243.    As a result of the violations described in Attachment E to this Complaint, Hobet accrued 96 days of violation of the effluent limits for selenium in WV/NPDES Permit Number WV0099392 in the first quarter of 2007

244.    Hobet continues to discharge unlawful amounts of selenium from outfalls regulated under WV/NPDES Permit Number WV1016776, leading to further violations of SMCRA.

### FIRST CLAIM FOR RELIEF
(Clean Water Violations of WV/NPDES Permit Number WV103599)

245.    Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 244 supra.

246.    Section 301 of the Clean Water Act prohibits the discharge of any pollutant by any person, except in compliance with a permit.  33 U.S.C. § 1311.

247.    WVDEP issued WV/NPDES Permit Number WV1013599 to Apogee under the

authority granted to it by EPA under section 402 of the Clean Water Act.  33 U.S.C. § 1342.

248.    WV/NPDES Permit Number WV1013599 limits the amount of selenium that Apogee is permitted to discharge from the outfalls associated with that permit through WQBELs.

249.    The selenium discharge limits in WV/NPDES Permit Number WV1013599 are a monthly average of 4.70 µg/l and a daily maximum of 8.20 µg/l .

250.    The selenium limits in WV/NPDES Permit Number WV1013599 are "effluent standards or limitations" for purposes of section 505(a)(1) of the Clean Water Act because they are a condition of a permit issued under section 402 of the Act.  33 U.S.C. § 1365(f).

251.    Each and every discharge in excess of the selenium limits in WV/NPDES Permit Number WV1013599 is actionable under section 505(a)(1) of the Clean Water Act.  33 U.S.C. § 1365(a)(1).

252.    A violation of an average monthly effluent limitation in a permit is considered to be a violation on each and every day of that month.  See, e.g., Chesapeake Bay Foundation, Inc. v. Gwaltney of Smithfield, Ltd., 791 F.2d 304, 313-15 (4th Cir. 1986), vac'd on other grounds, 484 U.S. 49 (1987).

253.    As detailed in the paragraphs above, as of this date, Apogee has accumulated at least 533 days of violation of the WQBELs for selenium in WV/NPDES Permit Number WV1013599.

254.    As detailed in the paragraphs above, Apogee has violated the immediate reporting requirements of WV/NPDES Permit Number WV1013599 at least 16 times.

255.    Unless enjoined, Apogee will remain in continuing violation of the Clean Water Act.

256.    Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Apogee is liable for civil penalties of up to $32,500 per day of violation for its violations of the selenium WQBELs in

WV/NPDES Permit Number WV1013599.

257.    Apogee is in continuing violation of the Clean Water Act.

## SECOND CLAIM FOR RELIEF
(SMCRA Violations Related to WV/NPDES Permit Number WV1013599)

258.    Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 257 supra.

259.    Section 520(a) of SMCRA, 30 U.S.C. § 1270(a), allows citizen suits in federal court against any "person who is alleged to be in violation of any rule, regulation, order or permit issued pursuant to this subchapter."

260.    As discussed above, federal and state regulations under SMCRA include performance standards that (1) prohibit surface mining operations that cause violations of effluent standards in Clean Water Act permits and (2) prohibit operations from causing material damage to the hydrologic balance outside of the permit area.

261.    Under 38 C.S.R. § 2-3.33.c, all performance standards are incorporated as conditions in permits issued under the State Act.

262.    WV/NPDES Permit Number WV1013599 regulates Apogee's discharges from its Northwest Ruffner Surface Mine (WVSCMRA Permit No. S500593), West Ruffner Surface Mine (WVSCMRA Permit No. S500190), and Slab Fork Deep Mine (WVSCMRA Permit No. U500598).

263.    As described above, Apogee has been in violation of its effluent limitations for selenium in WV/NPDES Permit Number WV1013599 on at least 533 days.

264.    As described above, Apogee's selenium discharges from its Northwest Ruffner Surface Mine, West Ruffner Surface Mine, and Slab Fork Deep Mine are causing material damage to Slab Fork and Rum Creek downstream of those operations.

265.    Consequently, Apogee has committed hundreds of violations of the performance standards incorporated in the regulations under SMCRA.

266.    Because those performance standards are permit conditions, Apogee is also in violations of the terms and conditions of WVSCMRA Permit Numbers S500593, U500598, and S500190.

267.    Unless enjoined, Apogee will remain in continuing violation of SMCRA.

### THIRD CLAIM FOR RELIEF
(Clean Water Act Violations of WV/NPDES Permit Number WV1020889)

268.    Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 267 supra.

269.    Section 301 of the Clean Water Act prohibits the discharge of any pollutant by any person, except in compliance with a permit.  33 U.S.C. § 1311.

270.    WVDEP issued WV/NPDES Permit Number WV1020889 to Hobet under the authority granted to it by EPA under section 402 of the Clean Water Act.  33 U.S.C. § 1342.

271.    WV/NPDES Permit Number WV1020889 limits the amount of selenium that Hobet is permitted to discharge from the outfalls associated with that permit through WQBELs.

272.    The selenium discharge limits in WV/NPDES Permit Number WV1020889 limit Hobet to a monthly average selenium discharge of 4.70 µg/l and a daily maximum of 8.20 µg/l .

273.    The selenium limits in WV/NPDES Permit Number WV1020889 are "effluent standards or limitations" for purposes of section 505(a)(1) of the Clean Water Act because they are a condition of a permit issued under section 402 of the Act.  33 U.S.C. § 1365(f).

274.    Each and every discharge in excess of the selenium limits in WV/NPDES Permit Number WV1020889 is actionable under section 505(a)(1) of the Clean Water Act.  33 U.S.C. § 1365(a)(1).

275. A violation of an average monthly effluent limitation in a permit is considered to be a violation on each and every day of that month. See, e.g., Chesapeake Bay Foundation, Inc. v. Gwaltney of Smithfield, Ltd., 791 F.2d 304, 313-15 (4th Cir. 1986), vac'd on other grounds, 484 U.S. 49 (1987).

276. As detailed in the paragraphs above, as of this date, Hobet has accumulated at least 30 days of violation of the WQBELs for selenium in WV/NPDES Permit Number WV1020889.

277. Unless enjoined, Hobet will remain in continuing and/or intermittent violation of the Clean Water Act.

278. Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Hobet is liable for civil penalties of up to $32,500 per day of violation for its violations of the selenium WQBELs in WV/NPDES Permit Number WV1020889.

### FOURTH CLAIM FOR RELIEF
(SMCRA Violations Related to WV/NPDES Permit Number WV1020889)

279. Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 278 supra.

280. Section 520(a) of SMCRA, 30 U.S.C. § 1270(a), allows citizen suits in federal court against any "person who is alleged to be in violation of any rule, regulation, order or permit issued pursuant to this subchapter."

281. As discussed above, federal and state regulations under SMCRA include performance standards that prohibit surface mining operations that cause violations of effluent standards in Clean Water Act permits.

282. Under 38 C.S.R. § 2-3.33.c, all performance standards are incorporated as conditions in permits issued under the State Act.

283. WV/NPDES Permit Number WV1020889 regulates Hobet's discharges from its

Westridge No. 3 Surface Mine (WVSCMRA Permit No. S500203).

284.   As described above, Hobet has been in violation of its effluent limitations for selenium in WV/NPDES Permit Number WV1020889 on at least 30 days.

285.   Consequently, Hobet has committed numerous violations of the performance standards incorporated in the regulations under SMCRA.

286.   Because those performance standards are permit conditions, Hobet is also in violations of the terms and conditions of WVSCMRA Permit Number S500203.

287.   Unless enjoined, Hobet will remain in continuing and/or intermittent violation of SMCRA.

## FIFTH CLAIM FOR RELIEF
(Clean Water Violations of WV/NPDES Permit Number WV1021028)

288.   Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 287 supra.

289.   Section 301 of the Clean Water Act prohibits the discharge of any pollutant by any person, except in compliance with a permit.  33 U.S.C. § 1311.

290.   WVDEP issued WV/NPDES Permit Number WV1021028 to Hobet under the authority granted to it by EPA under section 402 of the Clean Water Act.  33 U.S.C. § 1342.

291.   WV/NPDES Permit Number WV1021028 limits the amount of selenium that Hobet is permitted to discharge from the outfalls associated with that permit through WQBELs.

292.   The selenium discharge limits in WV/NPDES Permit Number WV1021028 are a monthly average of 4.70 µg/l and a daily maximum of 8.20 µg/l .

293.   The selenium limits in WV/NPDES Permit Number WV1021028 are "effluent standards or limitations" for purposes of section 505(a)(1) of the Clean Water Act because they are a condition of a permit issued under section 402 of the Act.  33 U.S.C. § 1365(f).

294.     Each and every discharge in excess of the selenium limits in WV/NPDES Permit Number WV1021028 is actionable under section 505(a)(1) of the Clean Water Act.  33 U.S.C. § 1365(a)(1).

295.     A violation of an average monthly effluent limitation in a permit is considered to be a violation on each and every day of that month.  See, e.g., Chesapeake Bay Foundation, Inc. v. Gwaltney of Smithfield, Ltd., 791 F.2d 304, 313-15 (4th Cir. 1986), vac'd on other grounds, 484 U.S. 49 (1987).

296.     As detailed in the paragraphs above, as of this date, Hobet has accumulated at least 372 days of violation of the WQBELs for selenium in WV/NPDES Permit Number WV1021028.

297.     As detailed in the paragraphs above, Hobet has violated the immediate reporting requirements of WV/NPDES Permit Number WV1021028 at least 12 times.

298.     Unless enjoined, Hobet will remain in continuing violation of the Clean Water Act.

299.     Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Hobet is liable for civil penalties of up to $32,500 per day of violation for its violations of the selenium WQBELs in WV/NPDES Permit Number WV1021028.

### SIXTH CLAIM FOR RELIEF
(SMCRA Violations Related to WV/NPDES Permit Number WV1021028)

300.     Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 299 supra.

301.     Section 520(a) of SMCRA, 30 U.S.C. § 1270(a), allows citizen suits in federal court against any "person who is alleged to be in violation of any rule, regulation, order or permit issued pursuant to this subchapter."

302.     As discussed above, federal and state regulations under SMCRA include performance standards that (1) prohibit surface mining operations that cause violations of effluent

standards in Clean Water Act permits and (2) prohibit operations from causing material damage to the hydrologic balance outside of the permit area.

303.    Under 38 C.S.R. § 2-3.33.c, all performance standards are incorporated as conditions in permits issued under the State Act.

304.    WV/NPDES Permit Number WV1021028 regulates Hobet's discharges from its Westridge South No. 1 Surface Mine (WVCMRA Permit No. S500404).

305.    As described above, Hobet has been in violation of its effluent limitations for selenium in WV/NPDES Permit Number WV1021028 on at least 372 days.

306.    As described above, Hobet's selenium discharges from its Westridge South No. 1 Surface Mine are causing material damage to Lukey Fork and the Mud River Reservoir downstream of that operation.

307.    Consequently, Hobet has committed hundreds of violations of the performance standards incorporated in the regulations under SMCRA.

308.    Because those performance standards are permit conditions, Hobet is also in violations of the terms and conditions of WVSCMRA Permit Number S500404.

309.    Unless enjoined, Hobet will remain in ongoing and continuing violation of SMCRA.

## SEVENTH CLAIM FOR RELIEF
(Clean Water Violations of WV/NPDES Permit Number WV1017225)

310.    Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 309 supra.

311.    Section 301 of the Clean Water Act prohibits the discharge of any pollutant by any person, except in compliance with a permit.  33 U.S.C. § 1311.

312.    WVDEP issued WV/NPDES Permit Number WV1017225 to Hobet under the

authority granted to it by EPA under section 402 of the Clean Water Act.  33 U.S.C. § 1342.

313.    WV/NPDES Permit Number WV1017225 limits the amount of selenium that Hobet is permitted to discharge from the outfalls associated with that permit through WQBELs.

314.    The selenium discharge limits in WV/NPDES Permit Number WV1017225 are a monthly average of 4.70 µg/l and a daily maximum of 8.20 µg/l .

315.    The selenium limits in WV/NPDES Permit Number WV1017225 are "effluent standards or limitations" for purposes of section 505(a)(1) of the Clean Water Act because they are a condition of a permit issued under section 402 of the Act.  33 U.S.C. § 1365(f).

316.    Each and every discharge in excess of the selenium limits in WV/NPDES Permit Number WV1017225 is actionable under section 505(a)(1) of the Clean Water Act.  33 U.S.C. § 1365(a)(1).

317.    A violation of an average monthly effluent limitation in a permit is considered to be a violation on each and every day of that month.  See, e.g., Chesapeake Bay Foundation, Inc. v. Gwaltney of Smithfield, Ltd., 791 F.2d 304, 313-15 (4th Cir. 1986), vac'd on other grounds, 484 U.S. 49 (1987).

318.    As detailed in the paragraphs above, as of this date, Hobet has accumulated at least 42 days of violation of the WQBELs for selenium in WV/NPDES Permit Number WV1017225.

319.    Unless enjoined, Hobet will remain in continuing violation of the Clean Water Act.

320.    Pursuant to Section 309(d) of the CWA, 33 U.S.C. § 1319(d), Hobet is liable for civil penalties of up to $32,500 per day of violation for its violations of the selenium WQBELs in WV/NPDES Permit Number WV1017225.

## EIGHTH CLAIM FOR RELIEF
### (SMCRA Violations Related to WV/NPDES Permit Number WV1017225)

321.    Plaintiffs incorporate by reference all allegations contained in paragraphs 1

through 320 supra.

322.    Section 520(a) of SMCRA, 30 U.S.C. § 1270(a), allows citizen suits in federal court against any "person who is alleged to be in violation of any rule, regulation, order or permit issued pursuant to this subchapter."

323.    As discussed above, federal and state regulations under SMCRA include performance standards that (1) prohibit surface mining operations that cause violations of effluent standards in Clean Water Act permits and (2) prohibit operations from causing material damage to the hydrologic balance outside of the permit area.

324.    Under 38 C.S.R. § 2-3.33.c, all performance standards are incorporated as conditions in permits issued under the State Act.

325.    WV/NPDES Permit Number WV1017225 regulates Hobet's discharges from its Berry Branch Deep Mine (WVSCMRA Permit No. U500798).

326.    As described above, Hobet has been in violation of its effluent limitations for selenium in WV/NPDES Permit Number WV1017225 on at least 42 days.

327.    As described above, Hobet's selenium discharges from its Berry Branch Deep Mine are causing material damage to the Mud River Reservoir downstream of that operation.

328.    Consequently, Hobet has committed dozens of violations of the performance standards incorporated in the regulations under SMCRA.

329.    Because those performance standards are permit conditions, Hobet is also in violations of the terms and conditions of WVSCMRA Permit Number U500798.

330.    Unless enjoined, Hobet will remain in continuing violation of SMCRA.

## NINTH CLAIM FOR RELIEF
(SMCRA Violations Related to WV/NPDES Permit Number WV1016776)

331.    Plaintiffs incorporate by reference all allegations contained in paragraphs 1

through 330 supra.

332.   Section 520(a) of SMCRA, 30 U.S.C. § 1270(a), allows citizen suits in federal court against any "person who is alleged to be in violation of any rule, regulation, order or permit issued pursuant to this subchapter."

333.   As discussed above, federal and state regulations under SMCRA include performance standards that (1) prohibit surface mining operations that cause violations of effluent standards in Clean Water Act permits and (2) prohibit operations from causing material damage to the hydrologic balance outside of the permit area.

334.   Under 38 C.S.R. § 2-3.33.c, all performance standards are incorporated as conditions in permits issued under the State Act.

335.   WV/NPDES Permit Number WV1016776 regulates Hobet's discharges from its West Ridge Surface Mine (WVSCMRA Permit No. S500396).

336.   As described above, Hobet accrued at least 762 days of violation of its effluent limitations for selenium in WV/NPDES Permit Number WV1016776 since those limits went into effect.

337.   As described above, Hobet's selenium discharges from its West Ridge Surface Mine are causing material damage to the Mud River Reservoir downstream of that operation.

338.   Consequently, Hobet has committed hundreds of violations of the performance standards incorporated in the regulations under SMCRA.

339.   Because those performance standards are permit conditions, Hobet is also in violations of the terms and conditions of WVSCMRA Permit Number S500396.

340.   Unless enjoined, Hobet will remain in continuing violation of SMCRA.

///

///

**TENTH CLAIM FOR RELIEF**
(SMCRA Violations Related to WV/NPDES Permit Number WV0099392)

341.    Plaintiffs incorporate by reference all allegations contained in paragraphs 1 through 340 supra.

342.    Section 520(a) of SMCRA, 30 U.S.C. § 1270(a), allows citizen suits in federal court against any "person who is alleged to be in violation of any rule, regulation, order or permit issued pursuant to this subchapter."

343.    As discussed above, federal and state regulations under SMCRA include performance standards that (1) prohibit surface mining operations that cause violations of effluent standards in Clean Water Act permits and (2) prohibit operations from causing material damage to the hydrologic balance outside of the permit area.

344.    Under 38 C.S.R. § 2-3.33.c, all performance standards are incorporated as conditions in permits issued under the State Act.

345.    WV/NPDES Permit Number WV0099392 regulates Hobet's discharges from its H-21 Surface Mine Operation (WVSCMRA Permit Nos. S003285, S508088, S502689, S502991, and S502295), Slab Fork Deep Mine (WVSCMRA Permit No. U501495), and Ancillary Facility (WVSCMRA Permit No. O501097).

346.    As described above, Hobet accrued at least 134 days of violation of its effluent limitations for selenium in WV/NPDES Permit Number WV0099392 since those limits went into effect.

347.    As described above, Hobet's selenium discharges from its H-21 Surface Mine Operation, Slab Fork Deep Mine, and Ancillary Facility are causing material damage to the Mud River Reservoir downstream of that operation.

348.    Consequently, Hobet has committed hundreds of violations of the performance

standards incorporated in the regulations under SMCRA.

349.    Because those performance standards are permit conditions, Hobet is also in violations of the terms and conditions of WVSCMRA Permit Numbers S003258, S508088, S502689, S502991, 501692, S502295,  U501495, and O501097.

350.    Unless enjoined, Hobet will remain in continuing violation of SMCRA.

## RELIEF REQUESTED

WHEREFORE, plaintiffs respectfully request that this court enter an Order:

(1).    Declaring that Apogee and Hobet have violated and are in continuing violation of the Clean Water Act and SMCRA;

(2).    Enjoining Apogee from operating its facilities in such a manner as will result in further violations of the selenium limitations in WV/NPDES Permit Number WV1013599;

(3).    Enjoining Hobet from operating its facilities in such a manner as will result in further violations of the selenium limitations in WV/NPDES Permit Numbers WV1020889, WV1021028, WV1017225,  WV1016776, and WV0099392;

(4).    Ordering Apogee to immediately comply with all effluent limitations, monitoring and reporting requirements, and other terms and conditions of its WV/NPDES Permit Number WV1013599;

(5)     Ordering Apogee to immediately comply with the terms and conditions of WVSCMRA Permit Numbers S500593, S500190, and U500598.

(6)     Ordering Hobet to immediately comply with all effluent limitations, monitoring and reporting requirements, and other terms and conditions of WV/NPDES Permit Numbers WV1020889, WV1021028, WV1017225,  WV1016776, and WV0099392;

(7).    Ordering Hobet to immediately comply with the terms and conditions of WVSCMRA Permit Numbers S500203, S500404, U500798, S500396, S003258, S508088,

S502689, S502991, 501692, S502295, U501495, and O501097.

(8).    Ordering Apogee and Hobet to pay appropriate civil penalties up to $32,500 per day for each violation of the Clean Water Act;

(9).    Awarding plaintiffs' attorney and expert witness fees and all other reasonable expenses incurred in pursuit of this action; and

(10).    Granting other such relief as the Court deems just and proper.

Respectfully submitted,

**/s/ DEREK O. TEANEY**
DEREK O. TEANEY (W.Va. Bar No. 10223)
JOSEPH M. LOVETT (W.Va. Bar No. 6926)
Appalachian Center for the Economy and the
        Environment
P.O. Box 507
Lewisburg, WV 24901
(304) 645-9006

Counsel for Plaintiffs