IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., and WEST
VIRGINIA HIGHLANDS
CONSERVANCY, INC.,

          Plaintiffs,

v.                              CIVIL ACTION NO. 3:07-0413

APOGEE COAL COMPANY, LLC, and
HOBET MINING, LLC,

          Defendants.

**ORDER**

Pending before this Court is defendant Apogee's Motion to File Documents Under Seal (Doc. 94). This motion was submitted, along with a status report (Doc. 95), in response to the Court's Order from July 7, 2008. For the following reasons, the motion is **GRANTED**.

On May 27, 2008, the Court found Apogee was in non-compliance with the selenium limits in its permit (*See* Doc. 70). The Court further found Plaintiffs were entitled to injunctive relief. The Court ordered Apogee to submit a plan, which would bring it into compliance with selenium limits within 30 days. Apogee was ordered to implement that plan within an additional 90 days. If such actions were infeasible Apogee was required to show cause. In a hearing held July 3, 2008, Apogee made such a showing. While the Court expressed dissatisfaction with the efforts Apogee had put forth up to that time, it agreed with the company that the time-line for injunctive relief was unworkable. A July 7th Order explained these findings and modified the injunction.

The July 7th Order did not put forth a comprehensive time-line for compliance. Instead, it required Apogee to submit a status report by July 24,2008, as a preliminary step in developing such a time-line. If Apogee choose to retain a consultant, the report was to "identify the consultant and describe the scope of their work." Additionally, the report was to include a "proposed time table for the completion of planning and the implementation of a treatment system." The status report (Doc. 95) and documents proposed to be filed under seal (Doc. 94) constitute Apogee's response to the Court's Order. An unsealed affidavit by John McHale generally explains the efforts Apogee has made to find a consultant and evaluate treatment options. The unsealed status report contains a proposed deadline of August 28, 2008 to "report back to the Court about the progress [Apogee] has made in selecting a consultant, the scope of work that it has undertaken, and the installation of treatment at the sites." Exhibits filed under seal are referenced in John McHale's report and include correspondence with potential consultants and specific details about each consultant's proposed projects – including cost estimates in two circumstances. Apogee requests these items remain under seal to prevent each consultant from identifying its competitors and their approaches.

In considering Apogee's request to seal, the Court must keep in mind the interest of public access to these materials. *See Virginia Dept. of State Police v. The Washington Post*, 386 F.3d 567 (4th Cir. 2004). As explained by another Court in this district, even joint motions to restrict public access, "should not be granted routinely because the business of the federal courts is that of the public. . . ." *Walker Sys. Inc. v. Hubbell, Inc.* 188 F.R.D. 428, 429 (S.D. W. Va. 1999).

Here, however, Apogee has asserted an important interest in filing the requested documents under seal. By avoiding disclosure of details contained within each proposal Apogee will be able to protected valuable commercial information. It will ultimately be able to gather better information

about the existing options for selenium treatment. The decision of which consulting firm to hire and which technology to implement is ultimately up to the company. As the Court explained during the recent hearing, it's role is not to select a treatment method for Apogee; rather, the Court's role is to ensure that Apogee is working expeditiously to bring itself into compliance. The documents filed under seal inform the Court about Apogee's efforts to comply with the injunction. Currently, the unsealed documents provide a basic understanding of Apogee's actions. Once Apogee has chosen a consultant and a treatment technology it will be expected to explain its decision to the Court. The Court expects that, at that time, the public will be able to understand how a particular technology and consultant were chosen. Because of the nature of the information and because Apogee's decision will ultimately be subject to this Court's scrutiny and open to public review, at this time the interest in maintaining confidentiality outweighs the public's right to access.

For these reasons, Apogee's Motion to File Documents Under Seal (Doc. 94) is **GRANTED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

                                        ENTER:     July 31, 2008

                                        ROBERT C. CHAMBERS
                                        UNITED STATES DISTRICT JUDGE