## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., and WEST
VIRGINIA HIGHLANDS
CONSERVANCY, INC.,

                   Plaintiffs,

v.                               CIVIL ACTION NOs. 3:07-0413 &
                                              3:08-0088

APOGEE COAL COMPANY, LLC, and
HOBET MINING, LLC,

                   Defendants.

### ORDER

Pending before the Court are Plaintiffs' motion in limine (Doc. #168) and Defendants'

motion to strike (Doc. #203).[1]  On July 27, 2010, the Court held a pretrial conference and heard

argument on the motions.  At the conference, the Court **RULED** as follows.

1.      Plaintiffs' motion in limine (Doc. #168) is **GRANTED in part** and **DENIED in part**.  First, the Court **GRANTS** the motion insofar as any finding of contempt is concerned.  With regard to contempt, the Court **FINDS** that, although the Fourth Circuit's standard for contempt requires a showing of harm, this harm requirement must be viewed in the context of the Clean Water Act ("CWA") and Defendants' violation of the effluent limitations for selenium contained in their CWA permits is sufficient harm to meet the standard.  Accordingly, any evidence of environmental harm is irrelevant with regard to the finding of contempt and the motion **GRANTED** insofar as this finding is concerned.  The Court **FINDS**, however, that evidence of environmental harm is relevant to: (1) determining the appropriate sanction for Plaintiffs' motion for contempt and to enforce the consent decree; (2) resolving Defendants' motion to modify the consent decree; and (3) determining the scope of injunctive relief in *Ohio Valley Environmental Coalition, Inc. v. Hobet Mining, LLC,*

---

[1]The motion to strike also appears as Doc. #68 in *Ohio Valley Environmental Coalition, Inc. v. Hobet Mining, LLC,* 08-cv-0088.  Accordingly, that motion is also **GRANTED.**

3:09-cv-1167.  Accordingly, the motion is **DENIED** insofar as these issues are concerned.  Nonetheless, as noted at the pretrial conference the Court **FINDS** that environmental harm has limited importance in terms of determining relief.  The evidence is restricted, accordingly.  The Court will hear evidence regarding harm only insofar as it relates to the specific outfalls and receiving watersheds at issue, but will not allow the parties to argue as to the merits of existing water quality standards.

2.      Noting no objection from Plaintiffs, the Court **GRANTS** Defendants' motion to strike the affidavit of Dennis Lemly (Doc. #203).  The Court, however, **ALLOWS** Plaintiffs to designate an expert to substitute for Dr. Lemly.  This expert should be designated, immediately, and made available to Defendants for deposition.  Further, the substitute expert's testimony is limited to the subject matter which would have been covered by Dr. Lemly.

3.      The Court **ORDERS** that the parties submit curriculum vitae for their respective experts, prior to trial, on or before **August 3, 2010**.  To save time during trial, the Court also suggests that the parties meet and confer to see if they may be able to stipulate as to the expertise of certain witnesses and/or the authenticity of documents.  Additionally, the Court suggests the parties review their deposition transcripts to see whether excerpts from these transcripts may be submitted in lieu of live testimony.  Finally, the Court **ORDERS** each party to submit two (2) copies of a trial exhibit notebook to the Court.  The notebook should contain those exhibits to be offered by the parties jointly or without objection and any exhibits to which an opposing party objects should be separately identified.  The trial exhibit notebook shall be submitted on or before **August 3, 2010**.

        The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

                        ENTER:        July 27, 2010

                        ROBERT C. CHAMBERS
                        UNITED STATES DISTRICT JUDGE