**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., and WEST
VIRGINIA HIGHLANDS
CONSERVANCY, INC.,

             Plaintiffs,

v.                              CIVIL  ACTION  NOs.  3:07-0413 &
                                                     3:08-0088 &
                                                     3:09-1167

APOGEE COAL COMPANY, LLC, and
HOBET MINING, LLC,

             Defendants.

**ORDER**

Pending before Court are Apogee Coal Company, LLC ("Apogee") and Hobet Mining LLC's ("Hobet") motions to modify the consent decrees (Docs. 149 & 61) in civil actions 3:07-cv-0413 and 3:08-cv-0088, respectively, and Plaintiffs' motion for contempt (Doc. 156) in 3:07-cv-0413.  Also pending is the Court's resolution of the scope and terms of the injunctive relief ordered in 3:09-cv-1167.  On August 31, 2010, the Court held closing arguments in this matter.  Following the argument, the Court **RULED** as follows.

    1.      Defendants' motions to modify (Docs. 149 & 61) are **DENIED**.  A party seeking modification of a consent decree must establish a significant change in either factual conditions or in law.  *See generally Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367 (1992).  The Court **FINDS** that circumstances have certainly changed since the entry of the consent decrees (Docs. 142 & 54), on March 19, 2009.  There is more, and better, information available regarding the viability of various technologies to treat selenium in the context of surface mining operations.  Further, much of this information has been produced as the result of efforts on the part of Defendants' parent company, Patriot Coal Corporation.  However, the Court **FINDS**, here, that Defendants' failure to pursue the recommendations of their experts, in

particular those of consultants from CH2M Hill, and to take other steps to resolve the selenium issues experienced at their mine sites is both the principal reason that viable treatment technologies have only recently been discovered (i.e., in the past few months), and that the companies are not on a faster pace to be in compliance with their effluent limitations, since the entry of the relevant consent decrees in March 2009. Had the appropriate steps been taken toward compliance, the Court **FINDS** that Defendants could and should have been at this point in the research, development, installation, and compliance process much earlier. Accordingly, the Court **DENIES** the motions to modify. The Court will issue a written opinion and order, providing the reasons and authority that more fully support its denial, shortly.

2.      Plaintiffs' motion for contempt (Doc. 156) is **GRANTED**. The Court **FINDS** that Apogee has not exercised reasonable diligence to comply with the March 19, 2009 consent decree in the Apogee matter and, therefore, **GRANTS** Plaintiffs' motion. A written opinion and order, providing the reasons and authority that support the Court's decision, will be issued promptly.

3.      The Court further **ORDERS** that: (1) the three outfalls at issue in the Apogee case shall be in compliance with their effluent limitations for selenium on or before **March 1, 2013**; (2) in order to treat the flow at these three outfalls, Apogee is **ORDERED** to install a Fluidized Bed Reactor ("FBR") system, as recommended by CH2M Hill; (3) the Hobet outfalls at issue in 3:09-cv-1167 shall be in compliance with its effluent limitations for selenium on or before **May 1, 2013**; (4) Hobet is **ORDERED** to submit a plan of treatment for the outfall to the Court on or before **October 1, 2010**; (5) Apogee and Hobet are **ORDERED,** jointly, to provide an irrevocable letter of credit to the Court in the amount of 45 million dollars ($45,000,000.00) on or before **September 14, 2010**;[1] (6) each party is **ORDERED** to exchange and submit to the Court a list of three individuals with expertise in waste water treatment, as nominees to serve as a special master in this matter, on or before **September 14, 2010**;[2] and (7) the parties are **DIRECTED** to submit proposals and/or other briefing on how the Court should resolve the balance of the issues pending in this matter on or before **September 7, 2010**. This briefing should include, but not be limited to, proposals, argument, and/or authority pertaining to: (1) a reporting schedule for installation and compliance; (2) a plan for purgeable fines for each of the Hobet and Apogee projects; and (3) a deadline or other plan for flow

---

[1]Once the details of the relevant treatment plans and schedules for Apogee and Hobet's outfalls are finalized, and as such plans and schedules are modified, the Court may increase or decrease the amount of the letter of credit, based upon the steps the companies have taken (or have failed to take) to bring their outfalls into compliance.

[2]If the parties can agree on an individual to serve as Special Master, the Court will likely adopt that recommendation.

analysis and other geotechnical studies at each of the relevant mine sites.[3]

4.      The Court takes Plaintiffs' motion for fees and costs under advisement and
**ORDERS** that Plaintiffs file a formal petition for fees and costs, once the details of
the remedy are more fully finalized.


The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any

unrepresented parties.


ENTER:          September 1, 2010


ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[3]According to the testimony and argument heard at trial, these studies will be necessary
to develop and evaluate the success of the treatment systems installed at each site.  The deadlines
and plans submitted by the parties should be drafted, accordingly.